1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11
12
13
14
15
16
17

| | |
|---|---|
| JESUS VASQUEZ-PAMPLONA,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | Case No. CV 14-7284 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

18    **I.    SUMMARY**

19          On September 23, 2014, Jesus Vasquez-Pamplona ("plaintiff") filed a

20    Complaint seeking review of the Commissioner of Social Security's denial of

21    plaintiff's applications for benefits.  The parties have consented to proceed before

22    the undersigned United States Magistrate Judge.

23          This matter is before the Court on the parties' cross motions for summary

24    judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion").  The

25    Court has taken both motions under submission without oral argument.  <u>See</u> Fed.

26    R. Civ. P. 78; L.R. 7-15; September 26, 2014 Case Management Order ¶ 5.

27    ///

28    ///

1    Based on the record as a whole and the applicable law, the decision of the

2    Commissioner is REVERSED AND REMANDED for further proceedings

3    consistent with this Memorandum Opinion and Order of Remand.

4    **II.    BACKGROUND AND SUMMARY OF ADMINISTRATIVE**

5    **DECISION**

6    On March 27, 2012, plaintiff filed applications for Supplemental Security

7    Income and Disability Insurance Benefits.  (Administrative Record ("AR") 14,

8    106, 108).  Plaintiff asserted that he became disabled on May 7, 2010, due to

9    chronic low back pain, herniated disc on lumbar spine, chronic pain in both legs,

10   and high blood pressure (AR 129).  The ALJ examined the medical record and

11   heard testimony from plaintiff (who was not represented), two medical experts,

12   and a vocational expert on March 26, 2013.  (AR 27-43).

13   On April 2, 2013, the Administrative Law Judge ("ALJ") determined that

14   plaintiff was not disabled through the date of the decision.  (AR 14-23).

15   Specifically, the ALJ found:  (1) plaintiff suffered from the following severe

16   impairments:  hypertension, back disorder, and major depressive disorder (AR 16);

17   (2) plaintiff's impairments, considered singly or in combination, did not meet or

18   medically equal a listed impairment (AR 18-19); (3) plaintiff retained the residual

19   functional capacity to perform less than the full range of medium work (20 C.F.R.

20   §§ 404.1567(c), 416.967(c)) with additional limitations[1] (AR 19); (4) plaintiff

21   could not perform any past relevant work (AR 22); (5) there are jobs that exist in

22   significant numbers in the national economy that plaintiff could perform,

23   specifically industrial cleaner, linen room attendant, and laboratory equipment

24   cleaner (AR 22-23); and (6) plaintiff's allegations regarding the intensity,

25

26   [1]The ALJ determined that plaintiff:  (i) could lift and carry up to 50 pounds occasionally
27   and 25 pounds frequently; (ii) could stand and walk up to 6 hours in an 8-hour day; (iii) could sit
     up to 6 hours in an 8-hour day; and (iv) was limited to occasional contact with coworkers and
28   supervisors, and less than occasional contact with the public.  (AR 19).

2

persistence, and limiting effects of his subjective symptoms could not be fully credited (AR 22).

The Appeals Council denied plaintiff's application for review.  (AR 1).

## III.    APPLICABLE LEGAL STANDARDS

### A.    Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted).  The impairment must render the claimant incapable of performing the work the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.  Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1)    Is the claimant presently engaged in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

(2)    Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work?  If not, the claimant is not disabled.  If so, proceed to step three.

(3)    Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?  If so, the claimant is disabled.  If not, proceed to step four.

///
///

3

(4)    Does the claimant possess the residual functional capacity to
       perform claimant's past relevant work?  If so, the claimant is
       not disabled.  If not, proceed to step five.

(5)    Does the claimant's residual functional capacity, when
       considered with the claimant's age, education, and work
       experience, allow the claimant to adjust to other work that
       exists in significant numbers in the national economy?  If so,
       the claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th
Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at
1110 (same).

The claimant has the burden of proof at steps one through four, and the
Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262
F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch
v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of
proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of
benefits only if it is not supported by substantial evidence or if it is based on legal
error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir.
2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457
(9th Cir. 1995)).  Courts review only the reasons provided in the ALJ's decision,
and the decision may not be affirmed on a ground upon which the ALJ did not
rely.  See Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007) (citing Connett v.
Barnhart, 340 F.3d 871, 874 (9th Cir. 2003)).

Substantial evidence is "such relevant evidence as a reasonable mind might
accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389,
401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but

4

1  less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan,

2  911 F.2d 180, 183 (9th Cir. 1990)).  To determine whether substantial evidence

3  supports a finding, a court must "'consider the record as a whole, weighing both

4  evidence that supports and evidence that detracts from the [Commissioner's]

5  conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)

6  (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can

7  reasonably support either affirming or reversing the ALJ's conclusion, a court may

8  not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing

9  Flaten, 44 F.3d at 1457).

10      Even when an ALJ's decision contains error, it must still be affirmed if the

11  error was harmless.  Treichler v. Commissioner of Social Security Administration,

12  775 F.3d 1090, 1099 (9th Cir. 2014).  An ALJ's error is harmless if (1) it was

13  inconsequential to the ultimate nondisability determination; or (2) the ALJ's path

14  may reasonably be discerned, even if the ALJ explains the ALJ's decision with

15  less than ideal clarity.  Id. (citation, quotation marks and internal quotations marks

16  omitted).

17      A reviewing court may not make independent findings based on the

18  evidence before the ALJ to conclude that the ALJ's error was harmless.  Brown-

19  Hunter v. Colvin, __ F.3d __, 2015 WL 462013, *3 (9th Cir. Aug. 4, 2015) (No.

20  13-15213)[2] (citing Stout, 454 F.3d at 1054); see also Marsh v. Colvin, 792 F.3d

21  1170, 1172 (9th Cir. 2015) (district court may not use harmless error analysis to

22  affirm decision on ground not invoked by ALJ) (citation omitted).  Where a

23  reviewing court cannot confidently conclude that an error was harmless, a remand

24  for additional investigation or explanation is generally appropriate.  See Marsh,

25  792 F.3d at 1173 (remanding for additional explanation where ALJ ignored

26  treating doctor's opinion and court not could not confidently conclude ALJ's error

27  _____

28      [2]The Court takes judicial notice of the Ninth Circuit's docket in Brown-Hunter which
reflects that a petition for rehearing is pending in such case. Fed. R. Evid. 201.

was harmless); <u>Treichler</u>, 775 F.2d at 1099-1102 (where agency errs in reaching decision to deny benefits and error is not harmless, remand for additional investigation or explanation ordinarily appropriate).

### C.     Evaluation of Medical Opinion Evidence

In Social Security cases, courts give varying degrees of deference to medical opinions depending on the type of physician who provided them, namely "treating physicians," "examining physicians," and "nonexamining physicians." <u>Garrison v. Colvin</u>, 759 F.3d 995, 1012 (9th Cir. 2014) (citation and quotation marks omitted).  A treating physician's opinion is generally given the most weight, and may be "controlling" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record[.]"  20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); <u>Orn v. Astrue</u>, 495 F.3d 625, 631 (9th Cir. 2007) (citations and quotation marks omitted).  An examining, but non-treating physician's opinion is entitled to less weight than a treating physician's, but more weight than a nonexamining physician's opinion.  <u>Garrison</u>, 759 F.3d at 1012 (citation omitted).

An ALJ may reject the uncontroverted opinion of a treating or examining physician by providing "clear and convincing reasons that are supported by substantial evidence."  <u>Bayliss v. Barnhart</u>, 427 F.3d 1211, 1216 (9th Cir. 2005) (citation omitted).  Where a treating or examining physician's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating/ examining opinion only "by providing specific and legitimate reasons that are supported by substantial evidence."  <u>Garrison</u>, 759 F.3d at 1012 (citation and footnote omitted).

An ALJ may provide "substantial evidence" for rejecting a medical opinion by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretation thereof, and making findings."

1   Id. (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)) (quotation

2   marks omitted); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (same)

3   (citations omitted); see also Magallanes v. Bowen, 881 F.2d 747, 751, 755 (ALJ

4   need not recite "magic words" to reject a treating physician opinion – court may

5   draw specific and legitimate inferences from ALJ's opinion).  An ALJ "must do

6   more than offer [] conclusions."  Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir.

7   1988); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and

8   vague" reasons for rejecting treating physician's opinion insufficient) (citation

9   omitted).  "[The ALJ] must set forth his [or her] own interpretations and explain

10  why they, rather than the [physician's], are correct."  Embrey, 849 F.2d at 421-22.

11      California workers' compensation disability ratings are not controlling in

12  Social Security cases since the terms of art used in each statutory scheme are not

13  equivalent.  See Booth v. Barnhart, 181 F. Supp. 2d 1099, 1104 (C.D. Cal. 2002)

14  (citing Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary

15  of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988)).[3]  Nonetheless,

16  an ALJ may not disregard a medical opinion simply because it was initially

17  generated in a workers' compensation case, or because the opinion is couched in

18  worker's compensation terminology.  Booth, 181 F. Supp. 2d at 1105 (citations

19  omitted).  Instead, an ALJ must evaluate the objective medical findings in such

20  opinions "just as he or she would [for] any other medical opinion."  Id. at 1105-06

21

22      [3]For example, while a California workers' compensation claimant who is incapable of

23  performing "heavy" work may still be able to perform "light," "semi-sedentary," or "sedentary"

24  work, none of these categories of work is based on strength.  Desrosiers, 846 F.2d at 576.  Such

    workers' compensation categories entail only a "minimum of demands for physical effort," and

25  "turn on whether a claimant sits, stands, or walks for most of the day."  Id. (citation omitted); see

    also Glass v. Workers' Compensation Appeals Board, 105 Cal. App. 3d 297, 302 (1980) n.1

26  (quoting and discussing the "Schedule for Rating Permanent Disabilities Under Provisions of the

    Labor Code of the State of California").  The categories of work under the Social Security

27  disability scheme, however, are "measured quite differently" since they "are differentiated

28  primarily by step increases in lifting capacities."  Desrosiers, 846 F.2d at 576.

1  (an ALJ entitled to draw inferences which "logically flow[] from" findings in
2  workers' compensation medical opinions) (citations omitted).

3      A Social Security decision must, however, reflect that the ALJ properly
4  considered the pertinent distinctions between the state and federal statutory
5  schemes, and that the ALJ accurately assessed the implications medical findings
6  drawn from a workers' compensation opinion may have for purposes of a Social
7  Security disability determination. Id. at 1106 (citation omitted). While an ALJ's
8  decision need not provide an explicit "translation," it should at least reflect "that
9  the ALJ recognized the differences between the relevant state workers'
10 compensation terminology, on the one hand, and the relevant Social Security
11 disability terminology, on the other hand, and took those differences into account
12 in evaluating the medical evidence." Id.; see, e.g., Desrosiers, 846 F.2d at 576
13 (finding ALJ's interpretation of treating physician's opinion erroneous where
14 record clear that ALJ affirmatively failed to consider distinction between
15 categories of work under social security disability scheme versus workers'
16 compensation scheme).

17 **IV.   DISCUSSION**

18     In the September 16, 2010 report of a Primary Treating Physician's Initial
19 Orthopedic Evaluation of plaintiff, Dr. Khalid B. Ahmed, a treating physician for
20 plaintiff's workers' compensation case, diagnosed plaintiff with chronic pain
21 syndrome secondary to lumbar disc herniation with radiculitis-radiculopathy
22 (bilaterally), and opined, among other things, that plaintiff's "[w]ork restrictions
23 would be no repetitive bending, stooping, or heavy lifting" ("Dr. Ahmed's
24 Opinions"). (AR 222). The parties essentially agree that the ALJ's decision did
25 not specifically address Dr. Ahmed's Opinions regarding such "work restrictions."
26 (Plaintiff's Motion at 8; Defendant's Motion at 4). Defendant contends that a
27 remand is not warranted, however, because any error in the foregoing respect was
28 harmless. (Defendant's Motion at 4-6). The Court disagrees.

8

1        First, since the ALJ's decision never addressed the pertinent distinctions

2  between the terms of art applicable to plaintiff's California workers' compensation

3  claim and plaintiff's Social Security disability claim, the Court cannot find that the

4  ALJ adequately considered and accurately accounted for the true functional

5  significance of the restrictions in Dr. Ahmed's Opinions (*i.e.*, preclusion from

6  repetitive bending, stooping, or heavy lifting).  It is not reasonable to infer, as

7  defendant suggests (Defendant's Motion at 5), that the failure expressly to address

8  Dr. Ahmed's Opinions was harmless simply because the ALJ's decision

9  considered Dr. Ahmed's other progress notes for plaintiff or the opinions of a

10  consultative examining physician that were consistent with the ALJ's residual

11  functional capacity assessment.

12        Second, even if functional limitations related to preclusion from "repetitive

13  bending, stooping, or heavy lifting" could essentially be considered the same for

14  purposes of both California workers' compensation and Social Security disability

15  cases, the Court cannot conclude that the failure expressly to address Dr. Ahmed's

16  Opinions was immaterial in this case.  At a minimum, the ALJ completely failed to

17  account for preclusion from repetitive stooping or bending in his residual

18  functional capacity assessment and also failed to include such restrictions in the

19  hypothetical question he posed to the vocational expert at the hearing.  (AR 19,

20  40-41).  Since the ALJ posed an incomplete hypothetical question to the

21  vocational expert, the vocational expert's testimony based on such incomplete

22  hypothetical, which the ALJ adopted, could not serve as substantial evidence

23  supporting the ALJ's determination at step five that plaintiff could perform the

24  occupations of industrial cleaner, linen room attendant, and laboratory equipment

25  cleaner.  See Robbins, 466 F.3d at 886.  Since defendant points to no persuasive

26  evidence in the record which could support the ALJ's determination at step five

27  that plaintiff was not disabled, the Court cannot confidently conclude that no

28  ///

1  reasonable ALJ could have reached a different disability determination absent the
2  ALJ's errors.

3       Finally, although, as defendant suggests, the ALJ may ultimately decide to
4  reject Dr. Ahmed's Opinions as inconsistent with the treating physician's
5  generally conservative treatment of plaintiff, see Rollins v. Massanari, 261 F.3d
6  853, 856 (9th Cir. 2001) (ALJ properly rejected opinion of treating physician
7  where physician had prescribed conservative treatment and the plaintiff's activities
8  and lack of complaints were inconsistent with the physician's disability
9  assessment), the ALJ did not do so in the instant administrative decision.  This
10  Court may not affirm a Social Security decision under the rubric of harmless error
11  based on a ground that the ALJ did not invoke.  Marsh, 792 F.3d at 1172 (citations
12  omitted); see also Orn, 495 F.3d at 630 ("We review only the reasons provided by
13  the ALJ in the disability determination and may not affirm the ALJ on a ground
14  upon which he did not rely.") (citation omitted).

15       Accordingly, this case must be remanded to permit the ALJ properly to
16  consider the medical opinion evidence.

17  **V.    CONCLUSION[4]**

18       For the foregoing reasons, the decision of the Commissioner of Social
19  Security is reversed in part, and this matter is remanded for further administrative
20  action consistent with this Opinion.

21       LET JUDGMENT BE ENTERED ACCORDINGLY.

22  DATED:   September 30, 2015

23                                    /s/
                                 _____
24                                 Honorable Jacqueline Chooljian
                                 UNITED STATES MAGISTRATE JUDGE
25

26  _____

27  [4]The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's
   decision, except insofar as to determine that a reversal and remand for immediate payment of
28  benefits would not be appropriate.